IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MTISHA JACKSON**                                                                    **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 3:16CV335-HTW-LRA**

**ST. JUDITAH NURSING HOME AND**
**MISSISSIPPI STATE HOSPITAL**                                      **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned on the Motion to Proceed *in Forma Pauperis* [2] filed on May 3, 2016, by Mtisha Jackson [hereinafter "Plaintiff"]. After a review of her financial affidavit, the undersigned recommends that her motion to proceed *in forma pauperis* be granted. The United States District Clerk should be authorized and directed to receive and file the complaint without prepayment of fees or costs. *See* 28 U.S.C. §1915(a)(1) and 9(d). However, the undersigned further recommends that process should not issue and that her Complaint be dismissed with prejudice.

When this Court grants IFP, the Complaint is then subject to screening by the Court under 28 U.S.C. § 1915(e)(2)(B). Under § 1915, the Complaint may be dismissed at any time if the Court finds it is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's Complaint [1] is quoted verbatim as follows:

> I came to Mississippi State Hospital on February 29, 2016 they had a bed became available for my court committee 21 days of medication, treatment, and stabilization. I got a pass pending discharge from February 29, 2016 coming from St. Dominic Hospital in Jackson MS from February 03, 2016. The passing pending discharge the doctor gave me 6 days of good behavior act at home and I after 6th day if my mom didn't call them back before and after the 6th day they wouldn't come and picked me back up. The doctor was wrong because I wasn't suppose to stayed over 2 days I stayed to February the 29th of 2016 to

>March 24, 2016 at Mississippi State Hospital. The 29 of March she called them to come back & picked me up of 2016. The doctor was suppose to discharged me permanently the doctor say what say what she want to say putting untruthful stories to me about things about me of the situation so she keeps me here on tells untruthful stories and kept me at the Mississippi State Hospital excessive days. And her name is Dr. Desai. I been hospitalized again from March the 24th of 2016 to April 24, 2016. Dr. Desai didn't feed me well she treating me like I wasn't a human being. We have classes that called group to attend at 8:45 AM Monday through Friday, Saturday & Sunday, we don't have classes groups. We have to be up at 6:30 AM. We eat at 8:00 AM breakfast they don't give me any meat for breakfast they give me one piece of meat for lunch & supper we don't have dinner and we have to set up for 30 minutes after taken it Monday through Friday our doors stay lock until 3:45 pm and we can't have food brought to us. We have to have 2 meats, 2 vegetables, a deserts, 2 pasta, 2 fruits, 2 dairies, and 2 beverages that we don't receive. The doctor have people set up for a special meal request. The nurse told me I was an anemia & she requested no salt for my food. The medication I am on is 600 mg seroquels, 750 mg devercoat & multivitamins.

A review of this Court's docket reveals that Jackson has filed at least twenty-five (25) lawsuits during the last two years – an average of one per month – in the Southern District of Mississippi, all of which were either deemed frivolous or were dismissed for failure to state a claim or lack of jurisdiction. By Order filed June 7, 2016, in *Mtisha Jackson v. Chrysler Capital Finance Company,* Civil Action No 3:16cv389-TSL-RHW (S.D. Miss. 2016), District Judge Tom S. Lee listed these cases as follows:

| Case Number | Result |
|---|---|
| 3:14-cv-682 CWR-FKB | Dismissed, failure to state a claim |
| 3:14-cv-685 DPJ-FKB | Dismissed, failure to state a claim |
| 3:14-cv-717 HTW-FKB | Dismissed, failure to state a claim, frivolous |
| 3:14-cv-787 HTW-JCG | Dismissed, lack of jurisdiction |
| 3:15-cv-139 HTW-LRA | Dismissed, failure to state a claim |

| | |
|---|---|
| 3:15-cv-140 DPJ-FKB | Dismissed, failure to state a claim |
| 3:15-cv-141 DPJ-FKB | Dismissed, failure to state a claim |
| 3:15-cv-142 TSL-RHW | Dismissed, failure to state a claim |
| 3:15-cv-143 CWR-FKB | Dismissed, failure to state a claim |
| 3:15-cv-144 CWR-LRA | Dismissed, failure to state a claim |
| 3:15-cv-145 HTW-LRA | Dismissed, failure to state a claim, frivolous |
| 3:15-cv-146 DPJ-FKB | Dismissed, failure to state a claim |
| 3:15-cv-147 DPJ-FKB | Dismissed, failure to state a claim |
| 3:15-cv-148 HTW-LRA | Dismissed, failure to state a claim |
| 3:15-cv-149 CWR-FKB | Dismissed, failure to state a claim |
| 3:15-cv-150 TSL-RHW | Dismissed, failure to state a claim |
| 3:15-cv-211 DPJ-FKB | Dismissed, lack of jurisdiction |
| 3:15-cv-212 TSL-RHW | Dismissed, failure to state a claim |
| 3:15-cv-213 TSL-RHW | Dismissed, failure to state a claim |
| 3:15-cv-257 TSL-RHW | Dismissed, failure to state a claim |
| 3:16-cv-334 DPJ-FKB | R&R recommending dismissal pending (Complaint nearly identical to complaint in 3:16cv335) |
| 3:16-cv-335 HTW-LRA | Pending (the current case) |
| 3:16-cv-345 HTW-LRA | Pending |
| 3:16-cv-389 TSL-RHW | Dismissed, failure to state a claim |
| 3:16-cv-422 TSL-RHW | Dismissed, failure to state a claim |

Judge Lee noted that in many of these cases, the Court was unable to determine the factual circumstances giving rise to Ms. Jackson's claims, the legal basis for her claims, the types of relief she was seeking or even whether jurisdiction was proper. Judge Lee dismissed

her Complaint in 3:16cv389 for failure to state a claim upon which relief could be granted. He then imposed sanctions, barring her from filing any new complaints or other initial pleadings in this Court without first obtaining written permission to do so from either a district or magistrate judge. *Id.,* Order [3], p. 6-7. Discussing the Court's authority to impose such a sanction, Judge Lee stated:

> Going further, the Fifth Circuit has recognized that federal courts possess the inherent power to "protect the efficient and orderly administration of justice" and "to command respect for the court's orders, judgments, procedures, and authority." In re Stone, 986 F.2d 898, 902 (5th Cir. 1993). A court is thus empowered to wield its inherent power when it finds that an individual has abused process by filing repetitive, frivolous lawsuits that overburden the court. In such circumstances, a court may impose sanctions including, but not limited to, refusing to allow such individual to file any additional complaints in the district court without first obtaining leave to do so. See e.g. Tribbit v. Ward, 1996 WL 101558, at *1 (5th Cir. Feb. 29, 1996)(barring the litigant from filing any future appeals or initial civil pleadings in any court without first obtaining permission from a judge); Lay v. Anderson, 837 F.2d 231, 232 (5th Cir. 1988)(barring future appeals unless certified by judge).
>
> Having considered Jackson's already extensive litigation history, the court finds an imposition of sanctions is warranted because that history demonstrates that Jackson has abused process by filing repetitive, unintelligible and/or frivolous lawsuits that have overburdened this court and needlessly consumed precious judicial resources. Under its inherent authority and obligation to protect the orderly administration of justice, and to curtail the future filing of repetitive, unintelligible, and frivolous actions, the court will enter an order barring Jackson from filing any new complaints or other initial pleadings in this court without first obtaining written permission to do so from either a district or magistrate judge.

*Id.*

In the case now before the Court, Ms. Jackson complains about the conditions under which she was housed while committed to the Mississippi State Hospital. She challenges the decision made by the doctors to hold her at the hospital, asserting that she should have been discharged permanently. She asserts that the doctors told untruthful stories to keep her hospitalized for "excessive days." She names a "Dr. Desai," and claims that Dr. Desai was not feeding her well and kept her locked up. The undersigned notes that commitment proceedings are ordinarily a matter of state law, and there are Mississippi statutory

procedures in place to provide patients with due process of the law. The Complaint Ms. Jackson filed in Civil Action No. 3:16cv334-DPJ-FKB is nearly identical. The primary difference is that she named the "City of Jackson" as the Defendant in 3:16cv334. Judge Ball recommended dismissal by Report and Recommendation [5] entered May 27, 2016. That recommendation is now pending before Judge Jordan.

Even under a liberal standard of review, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under any rule of pleading, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Although a court must assume all well-pleaded allegations in the complaint as true the court need not assume as true "legal conclusions" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

Plaintiff has also failed to establish that this Court has jurisdiction over her claims. She has not sued under a federal or constitutional statute and has not stated facts sufficient to establish diversity jurisdiction. Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001); U.S.Const., art. III, § 2. Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of any case. *See*

*Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 582 -83 (1999).  The Court must inquire into its subject-matter jurisdiction on its own initiative.  *Id.*  It may *sua sponte* raise the jurisdictional issue at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990)(see also *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.1999)). The record in this case fails to affirmatively indicate a basis for subject matter jurisdiction.

Ms. Jackson does not state a basis for federal jurisdiction; she does not include a claim for relief; and, she does not state a cause of action under either state or federal law.  For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(b) as legally frivolous and for failing to state a claim on which relief may be granted.   As Judge Lee directed, the Clerk of the Court should be directed to refuse to file any future complaints or initial civil pleadings of any kind from Mtisha Jackson unless that pleading is accompanied by advance written permission from a district or magistrate judge of this Court granting her leave to file that pleading, which permission shall be independently verified by the Clerk prior to acceptance.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of June 2016.

                                           <u>s/ Linda R. Anderson</u>
                                     UNITED STATES MAGISTRATE JUDGE